IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARON BRAINARD,                             3:11-CV-00809 RE

          Plaintiff,                          **OPINION AND ORDER**

    v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

          Defendant.

**REDDEN**, Judge:

Plaintiff seeks an award of fees in the amount of $6,374 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was substantially justified, plaintiff's application is denied.

/ / /

/ / /

/ / /

## Background

Plaintiff alleged disability since June 1, 2007, due to diabetes, liver disease, kidney problems, Hepatitis C, arthritis, depression, and cysts. Her application was denied initially and upon reconsideration. After a July 2009 hearing, an ALJ found her not disabled, finding, in part, that plaintiff's testimony as to the symptoms of her impairments was not entirely credible. Plaintiff sought review in this court, and after reviewing the record, this court reversed the decision of the Commissioner and remanded this matter for the calculation and payment of benefits on the basis that the ALJ did not provide clear and convincing reasons for discrediting plaintiff's testimony.

Plaintiff filed the current application for fees (#18). The Commissioner asserts that his position was substantially justified and that no attorney fees should be awarded under the EAJA.

## Standards

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A

2 - OPINION AND ORDER

position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565; *Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010), *cert. denied,* 2011 WL 1832858 (May 16, 2011). The government bears the burden of demonstrating substantial justification. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *U.S. v. Marolf,* 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

## Discussion

Plaintiff seeks an award of attorneys' fees and costs totaling $6,374. Plaintiff maintains that the Commissioner's bases for opposing Plaintiff's application for Social Security benefits at the administrative and district court level were not substantially justified.

Defendant does not dispute that Plaintiff is the prevailing party nor challenge the reasonableness of the amount requested. Defendant contends that the positions taken by the Commissioner in opposition to Plaintiff's application for benefits were substantially justified because the ALJ had a reasonable basis in law and fact to conclude that Plaintiff was "not entirely credible" in her statements concerning her impairments and her resulting limitations.

The Commissioner notes that the ALJ is responsible for determining the credibility of witnesses. The ALJ 's determination not to credit Plaintiff's testimony and the opinions of Drs. Aoki and Page had reasonable bases in law. The ALJ discussed and weighed the testimony, evidence and opinions, and gave reasons for the weight he gave the evidence. Tr. 60-63. The ALJ had a reasonable basis in law for relying on the opinion of non-examining acceptable medical sources over the opinion of an "other" source, i.e,, a naturopathic doctor. Tr. 63-63. *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1223-24 (9th Cir. 2010).

The ALJ's findings had a reasonable basis in fact. The ALJ gave little weight to Dr. Aoki's opinion because there was not objective medical evidence to support the opinion that Plaintiff's symptoms arose from kidney and liver damage, and because the ALJ found Dr. Aoki's opinion inconsistent with his treatment notes. Tr. 62, 426.

The ALJ was substantially justified in his analysis of Dr. Page's opinion. Tr. 63, 620. Dr. Page's language was somewhat ambiguous. Tr. 620.

This court found the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's subjective testimony. Although the ALJ failed to meet that high standard, his position was substantially justified in fact and in law. In fact, the ALJ had the legal authority and the obligation to assess the credibility of the witnesses, and his conclusions as to Plaintiff's testimony had some factual basis in the record. The court, therefore, concludes the Commissioner had a reasonable basis in law and in fact to uphold the ALJ's credibility finding at the administrative level and to support Defendant's opposition to Plaintiff's challenge of that decision in this court. The Commissioner's positions relative to Plaintiff's credibility were substantially justified.

## Conclusion

For these reasons, the court denies Plaintiff's Motion of EAJA fees.

IT IS SO ORDERED.

Dated this 28 day of February, 2013.

James A. Redden
United States District Judge

4 - OPINION AND ORDER